The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
It has come to our attention that clarification of an opinion issued to you in response to a question posed by Deputy Prosecuting Attorney Brent Haltom may be necessary. Please note that I have enclosed a copy of the former Opinion, Number 87-129.
The issue involves the meaning of the term "discharged" as it is used in Amendment 51, Section 11(a)(4), of the Arkansas Constitution. This opinion will serve to amend and clarify Opinion Number 87-129.
"Discharged", as it is used above, refers to an inmate's custodial status with respect to the Arkansas Department of Correction. Inmates have "discharged" their prison sentences if they are no longer in the custody of the Arkansas Department of Correction. An inmate is no longer in the custody of the Arkansas Department of Correction when he has completed his sentence of imprisonment or is no longer on parole and has been released from the supervision of prison authorities or of parole officers. See United States ex rel. O'Connor v. MacDonald, 449 F.2d 291, 295 (N.D.Ill. 1978); People v. Seaton, 194 Cal.Rptr. 33, 38, 146
C.A.3d 67 (1972); and State ex rel. Herman v. Powell, 139 Mont. 583,367 P.2d 553, 557 (1968).
The established meaning of "discharged" as set forth in Amend. 51, Section 11(a)(4), suggests that a convicted felon who is no longer under the supervision of the Arkansas Department of Correction could register to vote, if he were otherwise eligible to do so. It is true that Ark. Const. Art. 3 2 states that the right to vote may be "forfeited" ". . . for the commission of a felony at common law, upon lawful conviction thereof." This section does not state, however, that the right to vote can never be retained. There does not appear to be any other constitutional provision or Arkansas statute stating that the right to vote cannot be regained after a convicted felon has discharged his sentence. Based upon the established meaning of "discharged" and the manner in which the drafter of Amendment 51, Section 11(a)(4) used this word, it is my conclusion that a convicted felon who has discharged his sentence is eligible to register to vote.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Clint Miller.